THE STATE, EX REL. MOORE, *v.* ALVIS, WARDEN.

(No. 4798—Decided May 18, 1953.)

*Mr. William R. Brofman* and *Mr. Joseph J. LoPresti,* for petitioner.

*Mr. C. William O'Neill,* attorney general, and *Mr. Thomas R. Lloyd,* for respondents.

*Per Curiam.* The petitioner instituted an action in habeas corpus in this court, seeking to be released from the Ohio Penitentiary. Petitioner was indicted for murder in the first degree. A plea of "not guilty" and "not guilty, by reason of insanity" was entered at the time of arraignment. The court appointed counsel to represent the petitioner, and ordered him committed to the Lima State Hospital for observation. The court held no hearing and made no order respecting the sanity of petitioner. Five months later, the petitioner and his counsel appeared in open court and represented to the court that petitioner desired to withdraw his former plea and enter a plea of guilty to a charge of second degree murder on condition that the charge of murder in the first degree would be nolled. This was recommended by the prosecutor, and accepted and approved by the court. To the charge of first degree murder, an order of *nolle prosequi* was entered. A plea of guilty to second degree murder was entered, and the petitioner was sentenced.

The journal entry shows a withdrawal of the plea of "not guilty" but fails to recite that petitioner withdrew his plea of "not guilty, by reason of insanity." Petitioner now contends that the court was without jurisdiction to sentence him, there having been no hearing as contemplated by Section 13441-1, General Code, and no finding on the part of the court that the petitioner was sane. Section 13441-1, General Code, applies where it is claimed the defendant is "then" insane. Such is not the situation here. Sections 13441-3 and 13441-4, General Code, have no application, since the

petitioner was never brought to trial under Section 13441-3, General Code.

The withdrawal of a plea is a well-recognized practice in Ohio, and lies within the sound discretion of the court. 12 Ohio Jurisprudence, 262 to 264, Sections 249, 251.

We have before us a complete record of the proceedings which took place in open court at the time the plea was withdrawn and a new plea entered. Unquestionably, the record discloses that the plea of ''not guilty, by reason of insanity'' was legally and properly withdrawn with court approval. Counsel for petitioner was careful to advise the trial court that this plea, as well as the plea of ''not guilty,'' was withdrawn. The court had jurisdiction to proceed to sentence the petitioner on the new plea. The judgment entry does not completely recite the action of the trial court, and should be modified by a *nunc pro tunc* order.

Since we find that the court had jurisdiction in the criminal prosecution, the petitioner is not entitled to be released from custody.

*Petitioner remanded to custody.*

Wiseman, P. J., Miller and Hornbeck, JJ., concur.